THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CAMILO WESTON LEYRA, Appellant.

Argued May 29, 1952; decided October 24, 1952.

*Harry G. Anderson* and *Frederick W. Scholem* for appellant. I. The trial court instructed the jury that, as a matter of law, Dr. Helfand, acting for the District Attorney, made a promise to appellant that if he confessed he would not be prosecuted for murder in the first degree. This is the law of the case. The trial court therefore should have directed a verdict of not guilty. (*People* v. *Kurtz,* 42 Hun 335; *People* v. *Reilly,* 224 N. Y. 90; *People* v. *Walcott,* 51 Mich. 612; *Commonwealth* v. *Taylor,* 5 Cush. [Mass.] 605; *People* v. *Kennedy,* 159 N. Y. 346; *People* v. *Buffom,* 214 N. Y. 53; *People* v. *Phillips,* 42 N. Y. 200; *People* v. *McMahon,* 15 N. Y. 384; *People* v. *Fernandez,* 301 N. Y. 302; *People* v. *Esposito,* 287 N. Y. 389.) II. The trial court instructed the jury that, as a matter of law, the alleged confession made to Dr. Helfand was the result of mental coercion. This constituted a violation of appellant's constitutional rights. (*Rochin* v. *California,* 342 U. S. 165; *People* v. *Valletutti,* 297 N. Y. 226.) III. The trial court properly instructed the jury that the failure of the police promptly to arraign appellant before a magistrate constituted a violation of law. (*People* v. *Mummiani,* 258 N. Y.

395; *People* v. *Snyder,* 297 N. Y. 81; *People* v. *Alex,* 265 N. Y. 192; *People* v. *Valletutti,* 297 N. Y. 226.) IV. It was reversible error for the trial court to instruct the jury that they could separately consider the alleged confessions made to Captain Meenahan, Assistant District Attorneys Andreozzi and Gitlin and the witness Herrschaft, and if they found that such confessions were not infected by the confession made to Dr. Helfand, the jury could render a verdict of guilty upon the testimony of these witnesses. V. It was a violation of appellant's said constitutional rights to permit Dr. Helfand to testify as to what was said to him by appellant with respect to the commission of the crime. (*People* v. *Nitzberg,* 289 N. Y. 523; *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112; *People* v. *Palmer,* 109 N. Y. 413; *People* v. *Ferola,* 215 N. Y. 285; *People* v. *Cummins,* 153 App. Div. 93, 209 N. Y. 283.) VI. It was reversible error for the trial court to compel appellant to testify against himself. (*People* v. *Ferola,* 215 N. Y. 285; *People* v. *Cummins,* 153 App. Div. 93, 209 N. Y. 283.) VII. It was reversible error for the trial court to receive in evidence the coerced confession alleged to have been made by appellant to Dr. Helfand. VIII. Appellant was not accorded a fair trial. (*United States* v. *Brandt,* 196 F. 2d 653.)

*Miles F. McDonald, District Attorney* (*William I. Siegel* of counsel), for respondent. I. Appellant was guilty of the crime of murder in the first degree. (*Stover* v. *People,* 56 N. Y. 315; *People* v. *Deitsch,* 237 N. Y. 300; *People* v. *Furlong,* 187 N. Y. 198; *People* v. *Buchanan,* 145 N. Y. 1; *People* v. *Majone,* 91 N. Y. 211; *People* v. *Hawkins,* 109 N. Y. 408; *People* v. *Conroy,* 153 N. Y. 174; *People* v. *Deacons,* 109 N. Y. 374.) II. No errors of law were committed by the trial court. (*People* v. *Lewis,* 238 N. Y. 1; *Malinski* v. *New York,* 324 U. S. 401; *Lyons* v. *Oklahoma,* 322 U. S. 596; *Stroble* v. *California,* 342 U. S. 811; *Rochin* v. *California,* 342 U. S. 165; *People* v. *Borowsky,* 258 N. Y. 371; *People* v. *Alex,* 265 N. Y. 192; *People* v. *Doran,* 246 N. Y. 409; *People* v. *Trybus,* 219 N. Y. 18; *People* v. *Elmore,* 277 N. Y. 397; *People v. Fay,* 270 App. Div. 261, 296 N. Y. 510, 332 U. S. 261; *Commonwealth* v. *Grant,* 183 Pa. 663, 121 Pa. Superior Ct. 399.) III. Appellant was accorded a fair trial. (*People* v. *Knapper,* 230 App. Div. 487.)

Dye, J. When we reversed the prior judgment of conviction and ordered a new trial on the ground that the defendant's confession to Dr. Helfand was coerced as a matter of law, we thereby ruled it out for any further consideration on the issue of defendant's guilt (*People* v. *Leyra,* 302 N. Y. 353). By this ruling we did not invalidate the statements subsequently made by defendant to other persons and specifically left their validity open for separate consideration by a later jury as an issue of fact whether all or any of such statements depended on the mental coercion practiced by Dr. Helfand and then " only if the jury were satisfied beyond a reasonable doubt that such coercion had ceased to influence defendant could they consider the later confessions * * * (*Lyons* v. *Oklahoma, supra*) [322 U. S. 596]." (*People* v. *Leyra, supra,* p. 366.)

At the prior trial it had also been contended that a statement by Dr. Helfand contained a promise of leniency which might be attributed under the circumstances to the District Attorney. This required no definitive ruling from us as we had already declared the confession invalid for coercion, but we did not thereby overlook the possible influence of the alleged promise on the later statements, by way of inducement, and just as in the case of the mental coercion, we specifically left it for the jury to consider *separately* in the light of any promise of leniency, for it was only in that manner that due process could be afforded (*Lyons* v. *Oklahoma, supra; Malinski* v. *New York,* 324 U. S. 401).

According to the record now before us, the Helfand confession was again received in evidence " merely on the question as to whether or not whatever statements the defendant made * * * were inspired " by Dr. Helfand, an issue raised by defense counsel. This was received after the trial court had cautioned counsel at length, followed by a most explicit and detailed instruction to the jury as to its illegality phrased in most simple and understandable language that they might n( consider it on the issue of guilt under " any circumstances ", but were limited to a consideration of its effect on the later confessions, and that these too were to be entirely disregarded if found to be dependent upon it in any respect whatsoever, a distinction which each individual juror signified that he understood.

The Trial Judge did not stop there but dealt with it in his main charge and we believe fully and adequately by pointing out again and again that as a matter of law the confession made to Dr. Helfand was not to be considered on the issue of guilt. Moreover, he was careful to instruct the jury as to the defendant's contention leaving them to say with what force and effect the " coercion and promise * * * did in fact carry over and into each of the subsequent confessions " at the same time giving like instruction as to the People's contention, leaving it for the jury to say whether the later confessions made to other persons " were entirely voluntary and not induced by any promise of leniency."

In this manner and by this means the defendant's statement to Dr. Helfand was effectively insulated from the jury for consideration on the issue of guilt and was made available to them for the sole and limited purpose of saying whether or not the later statements made to others were dependent in any way on coercion or inducement, coupled with the clear and positive instruction that if so found to be, it was " worthless as evidence ". Such submission for separate consideration was in obedience to our specific ruling at the prior trial.

When the Trial Judge charged that as a matter of law a promise of leniency had been made by Dr. Helfand, he did not thereby make that statement " the law of the case " to such an extent as to deprive the jury of the benefit of his instruction as to " carry over and inducement ". That was the precise issue they were required to pass upon. The " law of the case " governing the jurors in their deliberations is to be found in the charge in its entirety and is not to be taken from a ruling concerning the limited nature and effect of a single item of evidence, particularly, when the point said to be prejudicial, as here, has been specifically excluded. The law governing the retrial of this case was explicitly laid down by us at the prior trial which was that the statement to Dr. Helfand was coerced and worthless as evidence. The circumstance that the Trial Judge also said it was worthless, because a promise had been made as a matter of law, did not in any way prejudice the defendant. It was, if anything, to his advantage.

The judgment of conviction should be affirmed.

FULD, J. (dissenting). To see this case whole and in proper focus, it must be borne in mind that defendant's conviction rests solely upon his confessions and that the trial court so charged the jury, advising that, absent those confessions, " defendant must be acquitted, for the reason that the Court rules, as a matter of law, that all of the other evidence in the case \* \* \* even if accepted by the jury as true, is insufficient upon which to predicate a verdict of guilty."

The trial judge charged unequivocally that Dr. Helfand had promised defendant, " in order to induce him to confess," that he would not be prosecuted for murder in the first degree, that such promise was authorized by the district attorney and that defendant confessed in reliance upon it. Consequently, as the trial court went on to charge, that confession was inadmissible as a matter of law. (See Code Crim. Pro., § 395.) In view of that charge — which, of course, became the law of the case — it follows, as a matter of ineluctable logic, that any and all other confessions to the district attorney or those associated with him in the investigation and prosecution of this very homicide, must also be deemed to have been induced by that promise, and likewise inadmissible. Accordingly, when the court further instructed the jury that it might find that the confessions to assistants of the district attorney and to a police captain — made within an hour or two after immunity had been promised — had not been induced by the promise, it pursued a course that was not only opposed to logic, but incompatible with the law of the case. That was error highly prejudicial to defendant.

Nor does the existence of the confession that defendant made to Herrschaft, his friend and business associate, change the situation or permit an affirmance. True, that confession may stand in a category different from those made to prosecutor and police; other considerations, considerations separate and apart from the district attorney's promise, may have prompted defendant to confess to his friend. I am willing to assume, therefore, that the court was warranted in leaving to the jury the question whether or not the promise induced defendant's confession to Herrschaft, but that does not dispose of the matter. Since the jury also had before it the two confessions made to

the law enforcement officials, and since those confessions played a not unimportant part at the trial, no court can say that the jury, in reaching its verdict, either relied solely upon the confession to Herrschaft or disregarded entirely the other confessions. That being so, the conviction cannot be upheld. (Cf. *Stroble* v. *California,* 343 U. S. 181, 190.)

I would reverse the judgment and order a new trial.

LEWIS and DESMOND, JJ., concur with DYE, J.; FROESSEL, J., concurs for affirmance under the provisions of section 542 of the Code of Criminal Procedure; FULD, J., dissents in opinion in which LOUGHRAN, Ch. J., concurs; CONWAY, J., not sitting.

Judgment of conviction affirmed. [See 304 N. Y. 844.]